UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM OTIS CALLAWAY,

    Petitioner,

v.                                      Case No. 2:04-cv-58
                                       HON. ROBERT HOLMES BELL

JERI-ANN SHERRY,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner William Otis Callaway filed this petition for writ of habeas corpus challenging the validity of his parole revocation. Petitioner was convicted on charges of kidnaping, rape and concealing stolen property in Oklahoma after a plea of no contest. On February 9, 1996, petitioner received a suspended sentence of ten years in prison. Petitioner received a three year term of supervised release. At some point, petitioner made his way to Michigan and began committing new offenses. Petitioner was convicted and sentenced in Michigan on May 9, 2000, to a prison term of one to five years for operating under the influence, third offense. On June 30, 2001, petitioner was sentenced to nine months to four years for failing to register as a sex offender. This petition was filed on March 22, 2004. Petitioner was apparently released from prison after this petition was filed and was then arrested again on charges of driving while intoxicated (DWI). Petitioner is currently confined as a result of this recent conviction. Petitioner received a sentence of three to five years on June 27, 2005, for the DWI conviction. This petition does not challenge the DWI conviction.

Petitioner maintains that his parole was revoked in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner fled the jurisdiction of Oklahoma during his three year supervision and came to Michigan on November 30, 1997. Petitioner was later arrested in Michigan on March 26, 2000 for OUIL, was granted parole on January 29, 2001, and was informed that despite there being a bench warrant for his arrest in Oklahoma, the governor of Oklahoma would not extradite. Petitioner was scheduled to be paroled for failing to register as a sex offender in Michigan on March 30, 2001, and was informed that Oklahoma lodged a detainer against him for fleeing Oklahoma's jurisdiction on November 30, 1997. Petitioner was later informed that the detainer lodged against him was revoked on July 11, 2002. Petitioner was later scheduled to be paroled on February 26, 2004, when he was informed that the state of Oklahoma had lodged another detainer preempting his parole and returning him to Oklahoma to face court proceedings for violating his suspended sentence.

Petitioner has raised the following issues in his petition. Petitioner contends that his extradition to Oklahoma under this most recent detainer is a violation of the double jeopardy clause of the Fifth Amendment. Petitioner claims that once the state of Oklahoma neglected to extradite him after his first parole in Michigan, the state of Oklahoma waived the right to seek extradition in subsequent proceedings. He also claims that the state of Oklahoma is precluded from reissuing a detainer after cancelling the original detainer.

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. "[A] state may not be considered to have waived the defense of nonexhaustion unless it does so expressly and through counsel." *Rockwell v. Yukins*, 217 F.3d 421, 423-24 (6th Cir. 2000).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A petitioner has fairly presented his claims when he identifies the constitutional right that he claims has been violated and the particular facts which supported his claims to the state courts. *Onifer v. Tyxzkiewicz*, 255 F.3d 313, 315 (6th Cir. 2001), *pet. for cert. filed*, No. 01-5597 (Aug. 2, 2001) It would appear that Petitioner still has remedies he could exhaust in state court. Petitioner's brief contains no allegations of exhaustion of state remedies and there is no evidence that

- 3 -

petitioner attempted to challenge the constitutionality of his imprisonment or raise his double jeopardy claim in state court, thus there was no fair presentation as is required by *O'Sullivan* and *Picard.* The state courts should have a full and fair opportunity to cure any constitutional infirmities in petitioner's conviction. "[A] state may not be considered to have waived the defense of nonexhaustion unless it does so expressly and through counsel." *Rockwell v. Yukins*, 217 F.3d 421, 423-24 (6th Cir. 2000). Since the petitioner still has claims that could be submitted to a state court, the petition should be denied.

In addition to the failure to exhaust, petitioner's claim itself is not cognizable under habeas review. Habeas corpus relief can be granted only to prisoners held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2241(c)(3); 28 U.S.C. 2254(a). Petitioner claims that his rights under the Double Jeopardy Clause have been violated because he has been granted parole once without facing extradition to Oklahoma for violations there, and upon a second grant of parole, now faces a denial of parole in the face of a detainer in Oklahoma for those same charges. "The Double Jeopardy Clause of the Fifth Amendment provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *Rashad v. Burt*, 108 F.3d 677, 679 (6th Cir. 1997) (quoting U.S. Const. amend. V.). The Double Jeopardy Clause prohibits multiple punishments for the same criminal offense. *United States v. Hebeka*, 89 F.3d 279, 282 (6th Cir.), cert. denied, 519 U.S. 999, 117 S. Ct. 496 (1996). Because petitioner has no legitimate entitlement to parole prior to the completion of his sentence, the denial of parole cannot constitute double jeopardy. *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). The denial of parole does not change the length of petitioner's sentence, but merely denies him an early release. Therefore, it cannot be viewed as the imposition of more than one punishment for the same offense. *Mahn v. Gunter*, 978 F.2d 599, 602 (10th Cir. 1992); *Alessi v. Quinlan*, 711 F.2d 497, 500 (2d Cir.

1983); *Averhart v. Tutsie*, 618 F.2d 479, 483 (7th Cir. 1980); *Coronado v. U.S. Board of Parole*, 540 F.2d 216, 217 (5th Cir. 1976). Petitioner also cites no case or statute holding that a state waives its right to subsequent extradition when it fails to seek extradition of a prisoner upon that prisoner's parole. Consequently, petitioner's double jeopardy claim is without merit.

If Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). Petitioner did not submit his claims in a habeas corpus petition to the state court, and did not exhaust his claims as required. Petitioner also fails to state a claim for a double jeopardy violation for denial of parole, as denial of parole cannot be construed as an additional punishment for the same offense. *Malek,* 1016 The court finds that reasonable jurists could not find that this court's dismissal of petitioner's claims was debatable or wrong, and therefore, the court will deny petitioner a certificate of appealability.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.[1]

---

[1] While not addressed by the parties, it appears that this petition is moot. Petitioner must have been released by the Michigan Department of Corrections some time after he filed this petition. Apparently, the state of Oklahoma did not take petitioner into custody. Petitioner then committed his most recent offense in the state of Michigan and is currently serving that term of imprisonment.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal those issues or claims addressed or resolved as a result of the Report and Recommendation.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

  /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:   May 30, 2006